

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXWILXXWILSXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr.,
Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

Opinion No. 0-3560

Re: Will a farmer raising
his farm produce and hauling
the produce to market be
classified as a commercial
operator or an operator under
House Bill 20, Acts 47th
Legislature, 1941?

We are in receipt of your letter of July 9, 1941, in which you request the opinion of this department on the question set out therein as follows:

"Under House Bill 20, Article I, Section 1, Paragraph (n) the definition of a Commercial Operator is:

"'Every person who is the driver of a motor vehicle designed or used for the transportation of property, including all vehicles used for delivery purposes, while said vehicle ia being used for commercial or delivery purposes.'

"I would appreciate an opinion as to whether or not a person who is a farmer raising his farm produce and hauling the produce to market will be classified as a commercial operator or an operator. For example: A farmer raising watermelons who hauls his truck load of watermelons to the market."

House Bill No. 20, Acts of the Forty-seventh Legislature, 1941, is the new Driver's License Law and the definition you quote of a commercial operator is set out in paragraph (n) of Section 1 of Article I.

We call your attention to the marked similarity between the definition of a commercial operator as defined above and the definition of a commercial motor vehicle as defined in the Motor Vehicle Registration Law, namely, Article 6675a-1(i) of Vernon's

Annotated Civil Statutes.  The latter definition reads as follows:

"' Commercial motor vehicle' means any motor vehicle other than a motor cycle designed or used for the transportation of property, including every vehicle used for delivery purposes."

Apparently the Forty-third Legislature considered a farmer who hauls his own produce to market as an operator of a commercial motor vehicle because said Legislature passed Section 6a of Article 6675a of Vernon's Annotated Civil Statutes, which provides in part as follows:

"When a commercial motor vehicle sought to be registered and used by the owner thereof only in the transportation of his own poultry, dairy, livestock, and farm products to market, or to other points for sale or processing, or the transportation by the owner thereof of laborers from their place of residence, and materials, tools, equipment and supplies, without charge, from the place of purchase or storage, to his own farm or ranch, exclusively for his own use or use on such farm the registration license fee, for the weight classifications herein mentioned, shall be fifty per cent (50%) of the registration fee prescribed for weight classifications in Section 6(art. 6675a-6), of the Act hereby amended; . . ."  (Underlining ours)

Apparently the Legislature in defining a commercial operator, which would of course be an individual operating a commercial motor vehicle, had in mind a definition similar to that used in the Motor Vehicle Registration Law.  The definition of the term "commercial operator" in House Bill No. 20 contains no specific exemption of a farmer who is hauling his own produce to market.  It is the opinion of this department therefore that such farmer would be included within the legislative definition of a commercial operator set out in said House Bill 20, Article I, Section 1, paragraph (n).

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/ Billy Goldberg

APPROVED JULY 22, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By

Billy Goldberg
Assistant

BG:lh/cge

APPROVED OPINION COMMITTEE
By BWB, Chairman